UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SYLVESTER LEE TUCKER,            :
                                 :
    Plaintiff                    :
                                 :
V.                               :   CASE NO.  3:04cv1555(RNC)
                                 :
HAYES, ET AL.,                   :
                                 :
    Defendants.                  :

                           RULING AND ORDER

    Pending are two motions filed by the plaintiff.  In his first motion, he asks that all matters be handled by the undersigned rather than by a magistrate judge and renews his request for appointment of counsel.  He also requests a hearing on a motion that he intends to file in the future.  The second motion again seeks appointment of counsel.

    In support of his first motion, plaintiff states that an order issued in this case by Magistrate Judge Fitzsimmons did not reach him until three days before the deadline for him to return service papers to the court.  While the delay in mail is unfortunate, the court notes that plaintiff requested and was granted an extension of time to respond to the order.  Thus, he was not prejudiced by the delay in mail.

    With certain listed exceptions, a district judge may refer pretrial motions to a magistrate judge for determination.  See 28 U.S.C. § 636(b)(1)(A).  That practice has been followed in this case and will continue to be followed.  Plaintiff's request that

all motions be heard only by the undersigned is denied.

Plaintiff states that he withholds his consent to have motions heard by any magistrate judge. Consent of the parties is required only to permit a magistrate judge to exercise full civil jurisdiction in a case. See 28 U.S.C. § 636(c). Thus, plaintiff's statement does not preclude referral of non-dispositive matters to a magistrate judge.

In both motions, plaintiff renews his request for appointment of counsel. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

Plaintiff states that he wrote to several attorneys who declined to represent him. He does not identify the attorneys and does not indicate that he sought legal assistance from Inmates' Legal Assistance Program. Because he has not contacted Inmates' Legal Assistance Program, the court concludes that plaintiff has not clearly shown that he cannot obtain legal assistance on his own.

Further, when deciding whether to appoint counsel, the

district court must "determine whether the indigent's position seems likely to be of substance." Id. In Cooper v. Sargenti, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." 877 F.2d at 173-74.

Here, it is too early in the proceedings to determine whether plaintiff's claims pass the test of likely merit. Accordingly, plaintiff's requests for appointment of counsel are denied without prejudice as premature.

Finally, plaintiff asks the court to schedule a hearing on a motion he has not yet filed. This request is denied without prejudice as premature.

Plaintiff's motions [Docs. #13 & 16] are denied. Plaintiff may refile a motion for appointment of counsel at a later stage of litigation. Any renewed motion shall document plaintiff's efforts to obtain legal assistance on his own by including the names of law firms and legal assistance organizations contacted, the dates he contacted them and the reasons why legal assistance or representation was declined.

So ordered.

Dated at Hartford, Connecticut this 17th day of August, 2005.

                                        /s/RNC
                                  Robert N. Chatigny
                          United States District Judge