UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SYLVESTER LEE TUCKER, | : |
| Plaintiff, | : |
| V. | : Case No. 3:04-CV-1555(RNC) |
| HAYES, et al., | : |
| Defendants. | : |

RULING AND ORDER

Sylvester Lee Tucker, a Connecticut inmate proceeding <u>pro se</u>, brings this action against Correctional Officers William Kelley and Anthony Hayes, in their official and individual capacities, as well as the Department of Correction, seeking damages for injuries he sustained when he was brutally attacked by an inmate named Corey Horton. The action, which is deemed to be brought pursuant to 42 U.S.C. § 1983,[1] asserts that the officers failed to protect the plaintiff from being attacked by Horton, then failed to properly intervene after the attack began, in violation of his rights under the Eighth and Fourteenth Amendments. All three defendants have moved for summary judgment [Doc. # 24]. The claims for damages against defendants Kelley and Hayes in their official capacities are barred by the Eleventh

---

[1] Plaintiff mistakenly brings the action pursuant to <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), which authorizes civil rights suits against federal officials, rather than 42 U.S.C. § 1983, which authorizes civil rights suits against state officials.

Amendment, see Kentucky v. Graham, 473 U.S. 159 (1985), and the Department of Correction is not subject to suit under § 1983. See Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1999). As a result, the only claims that require extended discussion are the claims for damages against Officers Kelley and Hayes in their individual capacities based on their alleged failure to discharge their duty to protect the plaintiff. For reasons that follow, these claims are insufficiently supported to enable the plaintiff to avoid summary judgment. Accordingly, the motion for summary judgment is granted on all the claims in the complaint.

I.  Summary Judgment

Summary judgment may be granted when there is no "genuine issue as to any material fact" and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To avoid summary judgment, a party must come forward with "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A factual dispute is "genuine" for purposes of Rule 56(c) if the evidence before the court, viewed fully and most favorably to the nonmoving party, would permit a jury to return a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."

Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). That is the case here.

II. Facts[2]

The assault underlying plaintiff's claims occurred on May 16, 2004, when plaintiff, then an inmate at Connecticut's Corrigan Correctional Center, was in the process of collecting food trays from other inmates on his tier. Plaintiff was supervised in this process by defendant Kelley. As part of the process, the two of them moved from cell to cell, stopping at each cell to enable the inmate to step out and place his tray into a container. When they reached the cell occupied by Corey Horton, Horton moved toward them and punched the plaintiff in the face, knocking him to the floor. After the plaintiff fell, Horton kicked and punched the plaintiff in and around the area of his head. Officer Kelley, who was the only correctional officer present at the time, immediately radioed a "Code Blue," the signal used when an officer is confronted with a fight between inmates. Officer Kelley then placed himself between the plaintiff and Horton and ordered Horton to stop, which Horton did. Defendant Hayes arrived in response to the Code Blue in less than twenty seconds, soon after the attack ceased.

---

[2] The facts are taken from defendants' Local Rule 56(a)1 Statement, which defendant has failed to properly oppose despite being notified of his obligation to do so under applicable rules of procedure. Importantly, defendants' factual assertions are corroborated by a videotape. See Scott v. Harris, 127 S. Ct. 1769, 1776 (2007).

3

Subsequent investigation revealed that the plaintiff had instigated a verbal exchange with Horton during the evening meal. Plaintiff offers no admissible evidence that either of the defendant officers knew about this or had any other reason to anticipate the attack.

III. Discussion

Plaintiff claims that the defendant officers violated his constitutional rights by failing to prevent Horton's attack and by failing to do more to stop it. He alleges that they behaved as they did because they disliked him personally.

    A. Failure to Prevent Assault

A correctional officer's failure to protect an inmate against an assault by another inmate can constitute cruel and unusual punishment under the Eighth Amendment. See Ayers v. Coughlin, 780 F.2d 205, 209-10 (2d Cir. 1985). To establish an Eighth Amendment violation, a prisoner must show that (1) the conditions of his incarceration posed a substantial risk of serious harm and (2) prison officials were deliberately indifferent to the risk. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

at 837.

Plaintiff offers no evidence that either of the defendant officers was deliberately indifferent to a substantial risk that Horton would attack him. He has submitted a letter containing an unsworn, conclusory allegation that the officers "had to have heard" a verbal confrontation that he had with Horton before the attack. This assertion, construed most favorably to the plaintiff, would not permit a jury to reasonably find that the officers actually did overhear plaintiff's verbal confrontation with Horton or that, as a result, they knew Horton was probably going to attack. Accordingly, plaintiff's Eighth Amendment claim based on the officers' failure to prevent the attack must be dismissed. See id. at 844 ("prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment").[3]

B.  Failure to Intervene

A correctional officer's failure to intervene when an inmate is attacked can constitute a violation of the inmate's rights under the Eighth and Fourteenth Amendments. See Davidson v. Cannon, 474 U.S. 344, 348 (1986). To establish a violation under

---

[3] Claims involving an alleged failure to protect an inmate are also subject to review under the Fourteenth Amendment's substantive due process provision, but proving a violation of the right to substantive due process also requires a showing of deliberate indifference, if not more. See Pabon v. Wright, 459 F.3d 241, 251 (2d Cir. 2006).

5

either provision requires proof of deliberate indifference. See Williams v. Vincent, 508 F.2d 541, 546 (2d Cir. 1974). An officer displays deliberate indifference when he has adequate time to assess a serious threat against an inmate and a fair opportunity to protect the inmate with no risk to himself, yet fails to act. Stubbs v. Dudley, 849 F.2d 83, 86-87 (2d Cir. 1988).

Plaintiff offers no evidence that either of the defendant officers failed to properly respond to Horton's attack. The record establishes that Officer Kelley succeeded in stopping the attack within ten seconds after it began, and that Officer Hayes arrived within a matter of seconds after the attack ceased. Plaintiff offers no evidence that either officer could have done more to assist him yet failed to do so because of deliberate indifference. Given defendants' immediate and reasonable intervention, plaintiff's claim must be dismissed. See, e.g., Farmer, 511 U.S. at 845 (prison officials who act reasonably cannot be found liable under the Eighth Amendment).

C. Equal Protection Claim

Plaintiff's submissions, liberally construed, can be read as attempting to advance a "class of one" claim under the Equal Protection Clause of the Fourteenth Amendment. In this regard, plaintiff alleges that the defendant officers, due to their personal dislike of him, denied a request he made for toilet

paper, denied a request he made for a cup of water, and failed to investigate his confrontation with Horton. There is no allegation that similarly-situated inmates were treated differently. Accordingly, the allegations are insufficient to create a genuine issue of material fact. See Hayut v. State Univ. of New York, 352 F.3d 733, 754 (2d Cir. 2003) ("class of one" claimant's conclusory allegations were insufficient to survive summary judgment because claimant failed to present evidence that alleged differential treatment was intentional and lacked a rational basis).

IV. Conclusion

For the foregoing reasons, the motion for summary judgment is hereby granted. The Clerk will enter judgment in favor of the defendants dismissing the complaint with prejudice.

So ordered this 10th day of December 2007.

/s/
Robert N. Chatigny
United States District Judge